[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action based on nonpayment of rent. The defendants denied only the first two paragraphs of the complaint which allege: "1. On or about July 1, 1997, the Plaintiff, as lessor and the Defendants, RAYMOND HUNTER AND JOYCE HUNTER as lessees, entered into an oral agreement for the term of one month for use and occupancy of the following premises located at 102 Pendleton Street, THIRD FLOOR, New Haven, Connecticut. 2. The Defendants agreed to pay the monthly rental of $795.00 payable on the first day of each month."
The court finds that the parties[1] agreed that the defendants, husband and wife, would lease an apartment from the plaintiff for a period of one year at the monthly rental of $775.00. The plaintiff' husband, her property manager, expressly agreed to give CT Page 8271 the defendants a written lease. The defendants informed the plaintiff that the defendant Raymond Hunter had been laid off from his usual employment as a prison guard but was anticipating being recalled within three months. The court, credits the defendants' testimony, and finds this to be the unusual case in-which the plaintiff's husband, an elderly gentleman and no doubt eager to re-rent the apartment, told the defendants to pay as much as they could until the defendant Raymond Hunter was returned to his usual employment. The defendants paid the plaintiff $1,100. The plaintiff failed to provide the defendants with a written lease and the defendants failed to pay the $775.00 rent the following month.
That the plaintiff provide the defendants with a written one-year lease was a material provision of the parties' agreement. When the plaintiff failed and refused to provide such a lease, the defendants' tenancy was not converted into a month-to-month tenancy because there was no meeting of the minds as to the terms of the rent; that is, whether the defendants had to pay all of the $775.00 rent before the defendant Raymond Hunter returned to his usual full time employment. See Berlingo v. Sterling Ocean House Inc.,5 Conn. App. 302, 307 (1985). When there has been no meeting of the minds as to whether or not there is a tenancy, there is no contract and thus no lease. Id.; Welk v. Bidwell, 136 Conn. 603, 607 (1950);Webb v. Ambler, 145 Conn. 640, 647 (1965); Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574 (1988). The tenancy became a tenancy at will since the defendants, at least, were occupying the dwelling unit with the plaintiff's consent. Welkv. Bidwell, supra, 608. Since there was no agreement as to the as to the terms for the payment of the rent,[2] the defendants could not be evicted for failure to pay rent. They still had a duty to pay compensation to the plaintiff for the use and occupancy of her dwelling unit, but failure to do so is not a ground for a summary process action. Commissioner of Transportation v. The Dock,
Superior Court, judicial district of Fairfield, Housing Session, No. SBPR 9508-30319 (Nov. 20, 1995). For this reason, the plaintiff has not proven her case and judgment may enter for the defendants.
BY THE COURT
Bruce L. LevinJudge of the Superior Court